Skip to Main Content Logout My Account Search Menu New Civil Search Refine Search Back
Location : All Cameron County Courts

# REGISTER OF ACTIONS
## CASE No. 2016-DCL-05304

| Maria Ramirez vs. M.C. Carrier, Inc. | § | | Case Type: | Injury or Damage - Motor Vehicle |
| | § | | Date Filed: | 08/12/2016 |
| | § | | Location: | 357th District Court |
| | § | | | |
| | § | | | |

---

### PARTY INFORMATION

| | | | Attorneys |
| --- | --- | --- | --- |
| **Defendant** | M.C. Carrier, Inc.<br>Novi, MI 48375 | | |
| **Plaintiff** | Ramirez, Maria Elva<br>Brownsville, TX 78520 | | Javier Villarreal<br>*Retained*<br>956-544-4444(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | | |
| --- | --- | --- |
| 08/12/2016 | Original Petition (OCA) | |
| | *Plaintiff's Original Petition Request for Disclosure, Requests for Admissions, Interrogatories, and Requests for Production* | |
| 08/12/2016 | Efiled Original Petition Document | |
| | *Plaintiff's Original Petition Request for Disclosure, Requests for Admissions, Interrogatories, and Requests for Production* | |
| 08/12/2016 | Civil Case Information Sheet | |
| | *Civil Case Information Sheet* | |
| 08/12/2016 | Clerks Journal | |
| | *Citation in pick up box. Laura advised. CM* | |
| 08/12/2016 | Citation Issued | |
| 08/12/2016 | Citation | |
| | M.C. Carrier, Inc. | Unserved |
| 08/12/2016 | Clerks Journal | |
| | *Citation in pick up box. Laura advised. CM* | |
| 08/18/2016 | Clerks Journal | |
| | *Maria Salazar picked up citations -AT* | |

---

### FINANCIAL INFORMATION

| | | | |
| --- | --- | --- | --- |
| | **Plaintiff Ramirez, Maria Elva** | | |
| | Total Financial Assessment | | 304.00 |
| | Total Payments and Credits | | 304.00 |
| | **Balance Due as of 09/13/2016** | | **0.00** |
| 08/12/2016 | Transaction Assessment | | 304.00 |
| 08/12/2016 | E-File Electronic Payment   Receipt # 2016-40825 | Ramirez, Maria Elva | (304.00) |

---

**CITATION – PERSONAL SERVICE – TRCP 99**

---

# THE STATE OF TEXAS

## 2016-DCL-05304-E



| | | |
|---|---|---|
| Maria Elva Ramirez | § | IN THE 357TH DISTRICT COURT |
| VS | § | OF |
| M.C. Carrier, Inc. | § | CAMERON COUNTY, TEXAS |

TO    M.C. Carrier, Inc.
       c/o Reg Agent Defrim Cizmja
       45605 Nine Mile Road
       Novi MI 48375, GREETING:

**NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney does not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of 20 days after the date you were served this citation and petition, a default judgment may be taken against you."** *TRCP. 99*

You are hereby commanded to appear by filing a written answer to **Plaintiff's Original Petition Request for Disclosure, Requests for Admissions, Interrogatories, and Requests for Production** at or before 10:00 o'clock A.M. on the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable 357th District Court of Cameron County, at the Courthouse in said County in Brownsville, Texas. Said **Plaintiff's Original Petition Request for Disclosure, Requests for Admissions, Interrogatories, and Requests for Production** was filed in said court on **August 12, 2016**, in the above entitled cause.

The file number of said suit being
**2016-DCL-05304-E**

The style of the case is:
  **Maria Ramirez**
  **vs.**
  **M.C. Carrier, Inc.**

The nature of Petitioner's demand is fully shown by a true and correct copy of **Plaintiff's Original Petition Request for Disclosure, Requests for Admissions, Interrogatories, and Requests for Production** accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, on this the 12th day of August, 2016.

ATTORNEY:
**Javier Villarreal**
**24028097**
**956-544-4444**
**2401 Wild Flower Drive**
**Suite A**
**Brownsville TX 78526**

Eric Garza
District Clerk
Cameron County, Texas

By:
Cindy Medrano, Deputy Clerk

| 2016-DCL-05304-E<br>357th District Court | Maria Ramirez<br>vs.<br>M.C. Carrier, Inc. |
|---|---|

## RETURN OF SERVICE

Executed when copy is delivered:
This is a true copy of the original citation, was delivered to defendant *M.C. Carrier, JHC,* on the _____ day of
_____ *A.M.* _____, 20 *16* _____.

NAME/ADDRESS FOR SERVICE

_____ Officer
_____ County, TX

By:_____ Deputy

## OFFICERS RETURN

Came to hand on the *18* day of _____ *Dec* _____, at *2:30* o'clock *p* _m and *Cameron* County, Texas,
by delivering to each of the within named defendants in person, a true copy of this *original petition* *Jury demand*
the date of delivery endorsed thereon, together with the accompanying copy of the _____ *at*
the following times and places, to wit:

| NAME | DATE/TIME | PLACE/COURSE/DISTANCE FROM COURTHOUSE |
|---|---|---|
|  |  |  |

And not executed as to the defendant(s), _____
The diligence used in finding said defendant(s) being: _____

and the cause or failure to execute this process is: _____

and the information received as to the whereabouts of said defendant(s) being: _____

FEES:
SERVING PETITION/COPY $_____
TOTAL:          $_____

_____ Officer
_____ County, TX

By:_____ Deputy

AFFIANT

## COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.

In accordance with Rule 107:  The officer or authorized person who serves, or attempts to serve, a citation shall sign the
return.  The signature is not required to be verified.  If the return is signed by a person other than a sheriff, constable or
the clerk of the court, the return shall be signed under penalty or perjury and contain the following statement:
"My name is *Maria C. Salazar*, my date of birth is *5-15-6.6*, my address is
*31618 FM 510 Los Fresnos TX 78566*
I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.
EXECUTED in *Cameron* County, State of *Texas*, on the _____ day of *July* _____, 20 *16*.

*SCH1055 7 18-30-19*          *Maria Salazar*
ID Number/Expiration of Certification          Declarant/Authorized Process Server

FILED
2016-DCL-05304
8/12/2016 10:57:27 AM
Eric Garza
Cameron County District Clerk
By Cindy Medrano Deputy Clerk
12138367

CAUSE NO. 2016-DCL-05304 _____

| | | |
|---|---|---|
| MARIA ELVIRA RAMIREZ | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | Cameron County - 357th District Court |
| V. | § | |
| | § | _____ JUDICIAL DISTRICT |
| | § | |
| M.C. CARRIER, INC. | § | |
| Defendant. | § | CAMERON COUNTY, TEXAS |

---

**PLAINTIFF'S ORIGINAL PETITION**
**REQUEST FOR DISCLOSURE, REQUESTS**
**FOR ADMISSIONS, INTERROGATORIES, AND REQUESTS FOR PRODUCTION**

---

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME PLAINTIFF, **MARIA ELVIRA RAMIREZ**, complaining of and about **M.C. CARRIER, INC.**, hereinafter called Defendant, and for cause of action show unto the Court the following:

## 1.
## DISCOVERY CONTROL PLAN LEVEL

1.1    Discovery shall be conducted under Level 3 pursuant to Rule 190.4 of the Texas Rules of Civil Procedure.

## 2.
## DISCOVERY INCLUDED

2.1    This Petition includes Plaintiff's Request for Disclosure, Interrogatories, Requests for Admission, and Requests for Production.

## 3.
## PARTIES AND SERVICE

3.1    Plaintiff, Maria Elvira Ramirez, whose address is: 1342 Calle Planeta, Brownsville, Texas 78520, and brings this action Individually.

3.2     Defendant, M.C. Carrier, Inc., is a Foreign Company stationed in Michigan and is organized under the laws of the State of Michigan. Service of process on the Defendant may be effected pursuant to article 2.11(A) of the Texas Business Organizations Code, by serving the registered agent, Defrim Cizmja, 45605 Nine Mile Road, Novi, Michigan 48375, its registered office. Service of said Defendant as described above can be effected by certified mail.

### 4.
### JURISDICTION AND VENUE

4.1     The subject matter in controversy is within the jurisdictional limits of this court. This court has jurisdiction over Defendant, M.C. Carrier, Inc. because said Defendant purposefully availed itself of the privilege of conducting activities in the state of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendant. Furthermore, the assumption of jurisdiction over M.C. Carrier, Inc. will not offend traditional notions of fair play and is consistent with the constitutional requirements of due process.

4.2     Venue in Cameron County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

### 5.
### FACTUAL BACKGROUND
### The Collision

5.1     This lawsuit concerns a motor vehicle collision that occurred on January 16, 2015. The collision occurred between a 2013 Nissan Versa which was driven by Plaintiff, Maria Elvira Ramirez and a 2005 Kenworth tractor trailer which was driven by Agim Seferi,

under the authority and control of Defendant, M.C. Carrier, Inc.

    5.2    The vehicular collision occurred on a Friday evening at the intersection of Frontage Road and Ruben M. Torres Boulevard, within the city limits of Brownsville, Texas. With respect to the area where the collision occurred, Ruben M. Torres Boulevard of consists of four westbound lanes and four eastbound lanes and Frontage Road consists of two northbound lanes. The intersection is controlled by traffic lights.

    5.3    Immediately prior to and at the time of the collision, Plaintiff, Maria Elvira Ramirez was traveling eastbound on the 1000 block of Ruben M. Torres Boulevard in the outside left turn lane, approaching the intersection with Frontage Road. At the same time, Agim Seferi was stationary at the intersection of Ruben M. Torres Boulevard and Frontage Road, due to a red light. The collision ensued when Mr. Seferi failed to yield the right of way and proceeded to make a right turn onto Frontage Road just as Plaintiff was properly making a left turn onto Frontage Road. Due to the force of impact, Plaintiff's vehicle was propelled forward toward a gasoline station entrance.

    5.4    The following is a sketch excerpted from the official police report which was investigated by Officer David Alonzo Trevino, Badge No. 6992, of the Brownsville Police Department:



5.5    Officer Trevino found that Mr. Agim Seferi was solely responsible for causing this collision, citing him accordingly.

<u>The Injuries</u>

5.6    Maria Elvira Ramirez suffered physical and emotional injuries as a result of this collision.  Mrs. Ramirez was diagnosed cervical, lumbar, right knee sprains/strains, head trauma, multiple disc bulges and disc herniations to his neck and lower back, a rotator cuff tear, intrasubstance tear of the infraspinatus tendon, and a tear of the superior labrum to her left shoulder, and a tear of the posterior horn, joint effusion and bone contusion to her right knee. Mrs. Ramirez has undergone extensive physical therapy, daily medication and multiple injections to control the pain caused by the injuries sustained in this vehicular collision.  In light of Mrs. Ramirez's symptomology and diagnosis underwent a right knee arthroscopy with partial medial meniscectomy and debridement of medial and

lateral compartment to allay the pain to her right knee.  Due to the temporary results obtained through pain management and the findings from the discogram, she underwent an lumbar decompression to allay the pain to her lower back.  In all probability, Mrs. Ramirez will continue to incur medical expenses in the future to alleviate his pain. Mrs. Ramirez was healthy prior to this collision.

**The Employment Relationship Between the Defendant and
The Resulting Vicarious Liability**

5.8     At the time of the collision which is the subject of this cause of action, and at all other relevant times, Agim Seferi was an employee of M.C. Carrier, Inc., who was acting within the course and scope of his employment.  In this regard, Agim Seferi was an employee insofar as the master-servant relationship under common law is concerned.

5.9     Alternatively, and at all relevant times herein, Agim Seferi was a "statutory employee" under the statutory employee doctrine.  In this regard, an interstate motor carrier (such as M.C. Carrier, Inc.) is required to assume full direction and control of the vehicles that it leases, and the drivers that it hires or dispatches, pursuant to 49 U.S.C.A. §14102(a) (1997).  As a result, Defendant, M.C. Carrier, Inc., had exclusive control of the tractor trailer which Agim Seferi was operating, and such carrier is deemed to have assumed complete responsibility for the operation of the commercial motor vehicle at all relevant times, in accordance with 49 C.F.R. §§376.11-.12(2000).  As a result, M.C. Carrier, Inc., is vicariously liable in this cause of action as a matter of law under the Federal Motor Carrier Safety Regulations for any and all negligence of Agim Seferi.

5.10   Alternatively, M.C. Carrier, Inc., are vicariously liable with respect to all negligence of Agim Seferi under the traditional common-law doctrines of the master-servant relationship and *respondeat superior*.

### 6.
### PLAINTIFF'S CLAIM OF
### – NEGLIGENCE AGAINST AGIM SEFERI–

6.1   Agim Seferi had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein.

6.2.   The negligent, careless and reckless disregard of duty of Agim Seferi consisted of, but is not limited to, the following acts and omissions:

6.2.1   In that Agim Seferi failed to keep a proper lookout for Plaintiff's safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances;

6.2.2   In placing Plaintiff in a position of peril due to Agim Seferi's lack of due care and exercise of ordinary prudence of a person of his maturity and capacity in violation of §545.401 of the Texas Transportation Code;

6.2.3   In that Agim Seferi failed to yield the right of way to a vehicle that had the preferential right of way;

6.2.4   In that Agim Seferi failed to yield the right of way to a vehicle that was approaching from the opposite direction as would have been done by an ordinary prudent person of the same age, experience, intelligence and capacity, in the exercise of ordinary care, acting in the same or similar circumstances;

6.2.5   In that Agim Seferi failed to turn safely without interference or collision with traffic, and specifically with Plaintiffs' motor vehicle in violation of §545.103 of the Texas Transportation Code;

6.2.6     In that Agim Seferi failed to enter into the intersection only when he could have safely entered without interference or collision with other traffic, and specifically, with Plaintiff's motor vehicle in violation of §545.151 of the Texas Transportation Code;

6.2.7     In that Agim Seferi failed to apply his brakes to his motor vehicle in a timely and prudent manner;

6.2.8     In failing to exercise reasonable care to protect the safety of others who are using the roadways;

6.2.9     In failing to take evasive action to avoid colliding with Plaintiff's vehicle;

6.2.10    In failing to use the vehicle's horn, lights, and/or other equipment to warn Plaintiff of the impending collision; and/or

6.2.11    In that Agim Seferi was negligent by failing to operate a commercial vehicle of this type in a reasonably prudent or responsible manner.

6.3     Plaintiff's injuries were proximately caused by Agim Seferi's negligent, careless and reckless disregard of said duty.

## 7.
## PLAINTIFF'S CLAIM OF
## - NEGLIGENCE PER SE AGAINST AGIM SEFERI -

7.1     Agim Seferi was negligent *per se* because he breached the Texas Transportation Code in the following ways:

7.1.1    In failing to stop and not enter an intersection when facing a steady red signal until an indication to proceed is displayed. TEX TRANSP. CODE §544.07.

7.2     Each of the aforementioned negligent acts or omissions of Agim Seferi, constituted a proximate of the collision, resulting in damages and injuries to the Plaintiff.

**8.**
## –NEGLIGENCE OF M.C. CARRIER, INC.–

8.1    On January 16, 2015, Defendant, M.C. Carrier, Inc. is the owner of the tractor trailer driven by Agim Seferi. Defendant, M.C. Carrier, Inc., negligently entrusted the vehicle to Agim Seferi, a reckless and incompetent driver. Defendant knew, or through the exercise of reasonable care should have known, that Agim Seferi was a reckless and incompetent driver.

8.2    Furthermore, and alternatively, M.C. Carrier, Inc., owed Plaintiff a duty to hire, supervise, train and retain competent employees. Defendant breached that duty by negligently training, supervising, hiring and retaining, Agim Seferi, consisting of, but not limited to the following:

      8.2.1  In failing to exercise ordinary care in implementing adequate training procedures for drivers;

      8.2.2  In failing to exercise ordinary care in implementing adequate continued education for all drivers;

      8.2.3  In failing to exercise ordinary care in implementing adequate supervision procedures;

      8.2.4  In failing to adequately screen Agim Seferi's driving record prior to hiring him; and/or

      8.2.5  In failing to exercise ordinary care in determining whether Agim Seferi was competent enough to be hired.

8.3    Each of the aforementioned negligent acts or omissions of the Defendant, M.C. Carrier, Inc. constituted a proximate cause of the collision resulting in damages and injuries to the Plaintiff.

## 9.
## VIOLATION OF FEDERAL MOTOR CARRIER SAFETY REGULATIONS

9.1    In addition to duties which Agim Seferi and M.C. Carrier, Inc. owed the motoring public, including Plaintiff, under the common law of this state, Defendant owed duties under and were governed by, at all relevant times, the FMCSR. According to the FMCSR, M.C. Carrier, Inc., were considered a motor carrier or operator of the commercial motor vehicle which Agim Seferi was driving at the time of this incident. With respect to the provisions of the FMCSR which were violated by Agim Seferi and M.C. Carrier, Inc., are deemed to have violated such provisions as well, as a result of the application of the FMCSR.

## 10.
## DAMAGES FOR PLAINTIFF MARIA ELVIRA RAMIREZ

10.1    As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, Maria Elvira Ramirez was caused to suffer bodily injuries, and to incur the following damages:

      10.1.1    Reasonable medical care and expenses in the past. These expenses were incurred by the Plaintiff, Maria Elvira Ramirez for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Cameron county, Texas;

      10.1.2    Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

      10.1.3    Physical pain and suffering in the past and in the future;

      10.1.4    Physical impairment in the past and which, in all reasonable probability, will be suffered in the future;

10.1.5    Loss of earning capacity in the past and which, in all reasonable probability, will be suffered in the future; and

10.1.6    Mental anguish in the past and in the future.

## 11.
## MAXIMUM AMOUNT CLAIMED

11.1    Plaintiff seeks damages within the jurisdictional limits of this court. Pursuant to pleading requirements under Texas Rules of Civil Procedure 47, Plaintiff affirmatively pleads that he seek monetary relief over $200,000.00 but no more than $1,000,000.00.

## 12.
## REQUEST FOR DISCLOSURES TO DEFENDANT

12.1    Pursuant to Rule 194, you are requested to disclose, within 50 days after service of this request, the information or material described in Rule 194.2(a)-(l) at the address of the attorney for Plaintiff. Further, pursuant to Rule 190, you are requested to disclose, within 50 days after service of this request, the information or material described in Rule 190.2(b)(6) at the address of the attorney for Plaintiff.

## 13.
## REQUESTS FOR INTERROGATORIES AND PRODUCTION TO
## DEFENDANT M.C. CARRIER, INC.

13.1    Plaintiff propound the following Interrogatories pursuant to Rule 197 and Requests for Production pursuant to Rule 196 of the Texas Rules of Civil Procedure. You are instructed to answer the following Interrogatories separately, fully, and under oath if required by Rule 197.2 Answers are due to Plaintiff counsel's address within 50 days from service of these Interrogatories. Demand is made that you supplement your answers to these Interrogatories as required by Rule 193.5. You are further instructed to produce or

permit the undersigned attorney to inspect and copy or reproduce the requested items at the offices of Plaintiff's attorney. Responses are due within 50 days of service of these Requests for Production. You are asked to supplement your responses as required under the Rules.

*Interrogatories*

13.1.1   Please state the full name, address, telephone number, date of birth, driver's license number, and occupation of the person answering these interrogatories. If you are answering these interrogatories as the authorized representative of **M.C. CARRIER, INC.**, please state your full and correct title and position within the organizational structure of **M.C. CARRIER, INC.**

13.1.2   Please state the name(s) of the registered owner(s) of the tractor trailer that Agim Seferi was operating on January 16, 2015.

13.1.3   Please state the name of the person or company that employed Agim Seferi on January 16, 2015 and by whom he was being compensated; how he was being compensated (i.e. job; contract; by the hour) and how much.

134.1.4   Please explain whether Agim Seferi was operating the tractor trailer with the Defendant's permission when this accident occurred and whether he was in the process of furthering the interests of the Defendant, just minutes before the accident happened.

13.1.5   Please state the address, telephone number, date of birth, driver's license number of Agim Seferi and whether he is still employed by the Defendant.

13.1.6   What is the name of Agim Seferi's direct supervisor?

13.1.7 Describe your understanding as to how the collision occurred and state specifically and in detail what the claim or contention of the defendant will be regarding any contributing cause of the collision, including a statement of the facts or information upon which this contention is based.

13.1.8 Was the tractor operated by Agim Seferi on January 16, 2015 damaged in any way as a result of this incident? If so, please describe in detail the damages sustained by this vehicle and the estimated and/or actual cost of repairs.

13.1.9 What is the business purpose of the Defendant and how does is it relate to the tractor trailer operated by Agim Seferi on January 16, 2015?

13.1.10 Other than the police report, does the Defendant have in its possession any written or oral statements made by the Plaintiff, Agim Seferi or anyone having first hand knowledge of the events that are the subject of this lawsuit, including but not limited to: recorded statements; written statements; and/or post-accident report(s) submitted to insurance carrier or employer?

13.1.11 Are you aware of any conversations Agim Seferi had with the Plaintiff or any other party or witness to this accident. Specify as best as possible what each person said.

13.1.12 State the name, address and telephone number of the person or company responsible for performing regular maintenance and/or repairs on the tractor operated by Agim Seferi on January 16, 2015.

13.1.13 Describe in detail what injuries, if any, Agim Seferi received in the collision. If he filed any worker's compensation claims for injuries allegedly suffered in the accident in question, describe his claimed injuries, give the name of the worker's compensation company involved in his claim, tell when and where he filed his claim and the name and address of the lawyer, if any, who is assisting Agim Seferi in the claim.

13.1.14 Please explain in detail the application process by which you consider driver's for employment, including but not limited to, written information requested; record checks; references; drug tests; driving tests; written tests.

13.1.15     Please explain your policy regarding the frequency and method(s) of supervision of a driver such as Agim Seferi.

13.1.16     Please list the names and/or types of employment manuals, policy manuals, safety manuals, training manuals and any other manual given to Agim Seferi during his employment with you.

13.1.17     As to each motor vehicle accident Agim Seferi has been involved in and each traffic violation for which he has either paid a fine or attended a school in lieu of a fine for the last seven years, give the following information as required to be kept: a) Where it occurred (State, City, county, Court). b) When it occurred (Month, Day, Year). c) All injuries claimed and when and where any claims or suits were filed. d) Final disposition or current status of each traffic violation and accident.

13.1.18     Does the Defendant know whether Agim Seferi had any felony convictions prior to January 16, 2015 (not exceeding 10 years from date of prison release). If so, please enumerate each conviction with its respective year and place/county/state of disposition.

13.1.19     Was a drug or alcohol test administered within 24-hours of the collision in question? If so, what was the result of each test? If one was not administered, please state the reason.

13.1.20     Has the tractor involved in the accident made the basis of this suit been involved in any other motor vehicle accidents prior to the accident of January 16, 2015?

*Documents to be Produced*

13.1.21     A copy of Agim Seferi's driver's license.

13.1.22     A copy of the written records of Agim Seferi's <u>qualification file</u>, as required to be kept by **M.C. CARRIER, INC.**, pursuant to Title 49 Code of Federal Regulation § 391.51.   (Period Required by Law: Length of Employment and Three years thereafter).

13.1.23    A copy of the written record of Agim Seferi's <u>application for employment</u>, as required to be kept by **M.C. CARRIER, INC.**, pursuant to Title 49, Code of Federal Regulations §§ 391.21 and 391.51(c). (Period Required by Law: Length of Employment and Three years thereafter).

13.1.24    A copy of the written record of Agim Seferi's past employers who were contacted prior to hiring and a copy of the response by each State agency involving investigations and inquiries, as required to be kept by **M.C. CARRIER, INC.**, pursuant to Title 49, Code of Federal Regulations §§ 391.23 and 391.51(c). (Period Required by Law: Length of Employment and Three years thereafter).

13.1.25    A copy of the written record of Agim Seferi's driver's road test issued to the driver pursuant to Title 49, Code of Federal Regulations § 391.31(e), or a copy of the license or certificate which the motor carrier accepted as equivalent to the driver's road test pursuant to § 391.33, as required to be kept by **M.C. CARRIER, INC.**

13.1.26    A copy of the written record of each State agency response to Agim Seferi's annual driver record inquiry, as required to be kept by **M.C. CARRIER, INC.** under Title 49, Code of Federal Regulations §391.25 (a).  (Period Required by Law: Three years after date of Execution).

13.1.27    A copy of the written record of Agim Seferi's annual review as required to be kept by **M.C. CARRIER, INC.** under Title 49, Code of Federal Regulations§ 391.25(c)(2). (Period Required by Law: Three years after date of Execution).

13.1.28    A copy of the written record of Agim Seferi's violation of motor vehicle laws and ordinances, as required to be kept by **M.C. CARRIER, INC.** under Title 49, Code of Federal Regulations§ 391.27.  (Period Required by Law: Three years after date of execution).

13.1.29    A copy of Agim Seferi's vehicle daily inspection reports of the tractor trailer he was driving on January 16, 2015, as required to be kept by **M.C. CARRIER, INC.** under Title 49, Code of Federal Regulations§ 396.11(c)(2).

13.1.30    A copy of the written record of Agim Seferi's medical examiner's certificate to drive commercial motor vehicles, as required to be kept by **M.C. CARRIER, INC.** under Title 49, Code of Federal Regulations § 391.43(f).

13.1.31    A copy of the written record of any controlled substance or alcohol misuse by Agim Seferi, as required to be kept by **M.C. CARRIER, INC.** under Title 49, Code of Federal Regulations § 382.401(a).

13.1.32    Any records or documentation (medical or non-medical) concerning Agim Seferi that would indicate whether  Agim Seferi was using alcohol and/or drugs (including prescription or nonprescription, legal or illegal drugs) within forty-eight (48) hours prior to the collision in question.

13.1.33    Any records or documentation (medical or non-medical) concerning Agim Seferi that would indicate that  Agim Seferi had  alcohol  and/or  drugs  (including  prescription  or nonprescription, legal or illegal), or metabolites of alcohol and/or drugs (including prescription or nonprescription, legal or illegal) in the bloodstream or urine at the time of or the time following the collision in question.

13.1.34    Any records or documentation (medical or non-medical) that would indicate that Agim Seferi was a user of any illegal substance(s) within three (3) years preceding the collision in question.

13.1.35    Produce any and all documents regarding any unemployment claim, worker's compensation claim or any other type of claim filed by Agim Seferi relating to his employment with your company for the period three (3) years prior to the day of the collision, which is the subject of this lawsuit, and up to the present day.

13.1.36    Please provide Agim Seferi's training record.

13.1.37    Please provide all materials used by you to train Agim Seferi, including, but not limited to, all manuals, videotapes, seminar materials and pamphlets.

13.1.38     Please provide all receipts signed by Agim Seferi evidencing his receipt of books, pamphlets, memorandum, letter, or other documents containing your policy on alcohol misuse and controlled substance use.

13.1.39     Please provide all books, pamphlets, memorandum, letter, or other documents containing your policy on alcohol misuse and controlled substance use.

13.1.40     Please provide all receipts signed by Agim Seferi evidencing his receipt of books, pamphlets, memorandum, letter, or other documents containing your policy on alcohol misuse and controlled substance use.

13.1.41     Please provide all materials, letters, manuals, and/or memorandums describing the company's policy regarding the supervision and retention of its employees, including but not limited to any grading system used to keep track of employee performance (i.e: ride-along; points systems; shadowing driver; following driver; complaint telephone numbers).

13.1.42     Please provide any documentation concerning Agim Seferi involving disciplinary actions, demerits, reprimands or incidents indicating less than satisfactory job performance.

13.1.43     Please provide any cell phone bills that would show whether or not Agim Seferi was using a cell phone on January 16, 2015. This request includes, but is not limited to, cell phone bills for the day of the wreck.

13.1.44     Please provide any and all documents related to Agim Seferi' employment as a driver, including but not limited to log books, trip sheets, fuel receipts, work orders, bills of lading, com. card receipts, expense records and any other documents that would show Agim Seferi' trip movements for January 16, 2015 and ten (10) days prior.

13.1.45     Please provide any documentation evidencing the cargo being transported on January 16, 2015 the owner, destination and delivery due date of said cargo, including but not limited to bill(s) of lading.

13.1.46    Please provide any all contract carrier permits issued to you by the Interstate Commerce Commission which were in effect at the time of the January 16, 2015 collision.

13.1.47    Please provide a copy of the title and registration of the tractor trailer driven by Agim Seferi that is the subject of this lawsuit.

13.1.48    Please provide documentation evidencing **M.C. CARRIER, INC.'s** ownership of the tractor trailer operated by Agim Seferi on January 16, 2015, which is the subject of this lawsuit.

13.1.49    A copy of the <u>Inspection, Repair and Maintenance</u> of the tractor trailer operated by Agim Seferi on January 16, 2015, under Title 49, Code of Federal Regulations § 396.3(a)(b)&(c).

13.1.50    Please provide all MCS 64 forms issued on the tractor trailer operated by Agim Seferi that is the subject of this lawsuit, for the period six months prior to January 16, 2015 and six months after.

13.1.51    Please provide all MCS 63 forms issued on the tractor trailer operated by Agim Seferi that is the subject of this lawsuit, for the period six months prior to January 16, 2015 and six months after.

13 1.52    All citations or warnings issued by any governmental agency dating one year prior to January 16, 2015, for <u>the tractor trailer</u> driven by Agim Seferi which is the subject of this lawsuit, regardless of whether Agim Seferi was driving the tractor trailer when the citation or warning was issued.

13.1.53    Please provide all documents and tangible things that comprise, reflect, or relate in any way to any repairs or maintenance made at any time on the tractor operated by Agim Seferi for the period of three (3) years prior to the date of accident, January 16, 2015, and up to the present day; including but not limited to maintenance log book(s) and repair log book(s).

13.1.54    All repair orders, repair receipts, and repair estimates for the tractor trailer operated by Agim Seferi for the period of three (3) years prior to the date of accident, January 16, 2015, and up to the present day.

13.1.55    All documents which refer or relate to the property damage, including estimates or appraisals and photographs, of the motor vehicles involved in the collision made the basis of this lawsuit.

13.1.56    Any and all photographs or videos in your possession which depict any and all of the motor vehicles involved in the collision which is the subject of this lawsuit, including, but not limited to the vehicle driven by the Plaintiff and those of the tractor trailer which was driven by Agim Seferi (pre-collision photographs and post-collision photographs). Please supply 8" x 10" photographs.

13.1.57    Copies of any and all statements in Defendant's possession of any person having knowledge of relevant facts concerning the subject matter of this lawsuit, including any written statement and any stenographic, mechanical, electrical or other type of recording or any transcription thereof made by any person with relevant facts hereto and contemporaneously recorded.

13.1.58    Please provide all documents which constitute any and all communication or correspondence between **M.C. CARRIER, INC.** and your liability insurance carrier or its employees (including, but not limited to, any and all correspondence between you and your liability insurance carrier which you sent or received) between January 16, 2015 and the day on which you or your liability insurance carrier were notified that Plaintiff was represented by legal counsel.

13.1.59    Please provide all investigation notes, reports, and correspondence which refer to any aspect of the January 16, 2015 collision made the basis of this claim before notice of this suit was received.

13.1.60    Please provide all letters, memorandums, and other written correspondence which was sent by **M.C. CARRIER, INC.** to any and all employees, agents or representatives of your liability insurance carrier or which was received by you from any and all employees, agents, or representatives of you liability insurance carrier and which are not privileged under the Texas Rules of Civil Procedure.

13.1.61 Please provide all taped or audio recordings made of conversations or conferences (telephonic or face-to-fact) between **M.C. CARRIER, INC.** and any and all employees, agents or representatives of your liability insurance carrier, same which your company has a superior right to obtain from your liability insurance carrier, and same which are not privileged under the Texas Rules of Civil Procedure.

13.1.62 Please provide the recording of the mechanism installed on the vehicle that struck Plaintiff's automobile that records and documents the time of use/non-use and/or speed of the tractor trailer which is sometimes commonly referred to as a "TAC graph" or "TAC readout."

13.1.63 Please provide all photographs of the scene of the collision in your possession.

13.1.64 Please provide all permits or other documents which authorize **M.C. CARRIER, INC.** to operate as a Motor Carrier at the time of the January 16, 2015 collision which were issued to you, or filed by you or on your behalf with the United States Department of Transportation.

13.1.65 Please provide all permits or other documents which authorize the transportation of the tractor trailer being operated by Agim Seferi at the time of January 16, 2015 collision, which were issued by you, or filed by you or on your behalf with the United States Department of Transportation.

13.1.66 Please provide all records or documents which you have provided or produced to any state or federal agency pertaining to the January 16, 2015 collision made the basis of this lawsuit.

13.1.67 Please provide a copy of the insurance coverage and/or Declaration Page for the Defendant's vehicle in question.

13.1.68 Please provide a copy of any excess or umbrella policies that could potentially cover this incident.

13.1.69 In the event that the tractor trailer in question was not properly insured at the time of the accident in question, please provide financial statements for the last three (3) years of the person or company that owns this trailer, specifically their "net worth."

13.1.70     Please provide all discoverable correspondence and other documents sent to any testifying expert.

13.1.71     Please provide all discoverable correspondence and other documents received from any testifying expert.

13.1.72     Please provide any and all statements from any witnesses that you intend to use.

13.1.73     Please provide a time and place for the inspection of the tractor trailer which is the subject of this lawsuit.

13.1.74     Please provide all and any records indicating an awareness on your part that Agim Seferi was an unsafe driver.

13.1.75     Please provide all incident reports generated by Agim Seferi or **M.C. CARRIER, INC.** relating to the collision on January 16, 2015.

## 14.
## REQUEST FOR ADMISSIONS TO DEFENDANT, M.C. CARRIER, INC.

14.1   Plaintiff makes the following Requests for Admission pursuant to Rule 198 of the Texas Rules of Civil Procedure. Responses are due 50 days after service of these Requests, and should be made to the address of Plaintiff's attorney. You must specifically admit or deny each Request. A failure to specifically answer any Request, or an evasive answer to any Request, will be taken as an admission of truth of such Request.

14.1.1      Admit that the 20058 Kenworth tractor trailer operated by Agim Seferi on January 16, 2015, was owned by **M.C. CARRIER, INC.**

14.1.2      Admit that the time of the accident on January 16, 2015, Agim Seferi, was acting within the course and scope of his employment with **M.C. CARRIER, INC.**

14.1.3      Admit that Agim Seferi failed to keep a proper lookout at the time of the incident made the basis of this suit and caused the accident.

14.1.4      Admit that Agim Seferi disregarded the red traffic light, thereby causing the accident made the basis of the suit.

14.1.5      Admit that Agim Seferi proceeded into the intersection when unsafe, thereby causing the accident made the basis of this suit.

14.1.6      Admit that Agim Seferi was operating his vehicle at an unsafe speed at the time of the collision, thereby causing the accident made the basis of the suit.

14.1.7      Admit that Agim Seferi turned when unsafe thereby causing the accident made the basis of the suit.

14.1.8      Admit that Agim Seferi failed to operate the vehicle in a reasonably prudent or responsible manner at the time of the incident made the basis of this suit and was solely responsible for causing this accident.

14.1.9      Admit that at the time of the accident of January 16, 2015, **M.C. CARRIER, INC.** had negligently entrusted the tractor trailer subject of this lawsuit to its employee Agim Seferi.

14.1.10     Admit that **M.C. CARRIER, INC.** negligently hired, supervised and/or retained Agim Seferi during his employment.

14.1.11     Admit that **PLAINTIFF** was injured as a direct and proximate result of Agim Seferi's negligence.

14.1.12     Admit that **MARIA ELVIRA RAMIREZ** has incurred reasonable and necessary medical expenses as a direct result of the incident which is the subject of the lawsuit.

14.1.13     Admit that **MARIA ELVIRA RAMIREZ** will incur reasonable and necessary future expenses as a direct result of the incident which is the subject of the lawsuit.

14.1.14   Admit that **MARIA ELVIRA RAMIREZ's** non-economic damages are as a direct result of the incident which is the subject of the lawsuit.

14.1.15   Admit that **MARIA ELVIRA RAMIREZ** incurred damages as a direct result of the incident which is the subject of the lawsuit.

14.1.16   Admit that **MARIA ELVIRA RAMIREZ** has incurred physical pain and suffering damages in the past, and will continue to incur physical pain and suffering damages in the future.

14.1.17   Admit that **MARIA ELVIRA RAMIREZ** has incurred lost wages and loss of earning capacity in the past, and will continue to incur lost wages and loss of earning capacity in the future.

14.1.18   Admit that **MARIA ELVIRA RAMIREZ** has suffered mental anguish in the past and in the future.

### PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff, Maria Elvira Ramirez, respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant, jointly and severally, for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

**LAW OFFICES OF JAVIER VILLARREAL, PLLC**
2401 Wildflower Drive, Suite A
Brownsville, Texas 78520
Tel: (956) 544-4444
Fax: (956) 550-0877

By: _/s / Javier Villarreal_

Javier Villarreal
State Bar No. 24028097

Daniel A. Torres
State Bar No. 24046985

**COUNSEL FOR PLAINTIFF**

**PLAINTIFF DEMAND A TRIAL BY JURY**

## COURTESY NOTICE TO DEFENDANT

If you had insurance at the time of the accident, please forward a copy of this petition to your insurance company **_immediately_**.

Adjuster: Becky Vallari
Great West Casualty Company
1100 West 29th Street
South Sioux City, NE 68776

Re. Claim No.H82034-L-887
Insured: MC Carrier, Inc.
Driver: Agim Seferi
Claimant: Maria Elvira Ramirez
Date of Loss: January 16, 2015

Tel: (402) 494-7318
Tel: (800) 228-8602